**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM HARBOUR, : | |
| : | |
| Plaintiff, : | Civil Case No. 09-1509(JAP) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| BETTY GRAHM, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

William Harbour, Pro Se
1204 Heck Street, Apt. 2
Asbury Park, NJ 07712

**PISANO, District Judge**:

Plaintiff, William Harbour, incarcerated at the Monmouth County Correctional Institution, Freehold, New Jersey, at the time he submitted this complaint, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue Betty Grahm, Division Supervisor for the New Jersey Division of Youth and Family Services ("DYFS"); Tracey Calderon, a case worker at DYFS; and Bernadette Baldwin, a certified Nurse's Aide.

Plaintiff states as follows:

> On or about June 12, 2008 DYFS took me to court in which I was granted legal and physical custody of my two daughters. My sister and mother started conspiring with DYFS because they believed a man cannot raise girls, then the unfair treatment began. I would buy clothes for children, they'd return them. I'd get their hair done, they'd disassemble it. They would have secret meetings about me. They continue [un]til this day conspiring to take my parental rights away by assisting women with housing programs etc. but nothing for me, unequal treatment and discrimination practices.

Plaintiff further states that defendant Baldwin, a certified nurse's aid, conspired to deny his legal rights to his children by placing a restraining order on him, preventing his contact with the children while they stayed with her temporarily, then told police that Plaintiff contacted her, resulting in Plaintiff's arrest.

Plaintiff argues that the DYFS defendants violated his rights by not providing assistance to fathers, which is unfair.

**DISCUSSION**

**A.     Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906

(3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

4

Phillips, 515 F.3d at 234 (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.  42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress &

5

Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

Plaintiff alleges facts indicating that he lost custody of his children through the applicable New Jersey state process, or Monmouth County process.  As it appears that this issue has been raised in the state courts, and adjudicated, this Court will not interfere with the state process.

A federal district court lacks jurisdiction to directly review judgments of state courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman doctrine").  The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication."  Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted).  "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'"  Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). The Rooker-Feldman doctrine applies if, in order to

6

grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling.  See  Gulla, 146 F.3d at 171; FOCUS, 75 F.3d at 840.

Here, Plaintiff alleges facts indicating that his complaint directly challenges the state custody ruling with regard to his children.  This Court is not in a position to disturb the state's findings.  A finding by this Court in Plaintiff's favor would necessarily invalidate the state court decisions.  Therefore, pursuant to the Rooker-Feldman doctrine, Plaintiff's claim is not cognizable in this civil rights action.  See, e.g., Cambria County Children and Youth Services v. Lucas, 137 Fed. Appx. 448, 449 (3d Cir. 2005) (unpubl.) (holding that constitutional claims brought against county children services agency by father whose parental rights had been terminated in a state court proceeding were barred by the Rooker-Feldman doctrine).

The Court recognizes that in this case, Plaintiff has not alleged facts indicating the extent to which his claims have been processed through the state, i.e., whether or not his claims have been presented to the highest state court.  "The Supreme Court has made clear, ..., that the Rooker-Feldman doctrine only applies to state judicial proceedings, not administrative or legislative proceedings."  National R.R. Passenger Corp. v. Pennsylvania Public Utility Com'n, 342 F.3d 242, 257 (3d Cir. 2003)(citing

7

8 of 9

Feldman, 460 U.S. at 476 ("A crucial question in this case, therefore, is whether the proceedings ... were judicial in nature."); and Verizon Md., Inc. v. Public Service Comm'n of Md., 535 U.S. 635, 644 n.3 (2002)("The [Rooker-Feldman] doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency.")).

However, to the extent that there is an ongoing, pending state proceeding regarding his children's custody, Plaintiff must raise any constitutional challenges he has with respect to the custody decision in his state court case.  A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)  (citing

8

Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, if state proceedings implicating important state interests are ongoing, then Plaintiff has the opportunity to raise any federal claims in that proceeding.

Further, Plaintiff's allegation that fathers are not provided appropriate assistance does not state a claim upon which relief may be granted, as Plaintiff alleges no facts indicating that this conclusory statement is more than his opinion.

Finally, regarding Plaintiff's claim that Bernadette Baldwin, a certified Nurse's Aide, placed a restraining order on him, and reported him for violating the order, does not state a claim under § 1983, as Plaintiff has not alleged that defendant Baldwin is a state actor, or that she violated his constitutional rights, for recovery under § 1983.

Because the facts alleged by Plaintiff are unclear, this Court will grant Plaintiff the opportunity to reopen this case and file an amended complaint, if he so chooses.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order accompanies this Opinion.

Dated:    August 10, 2009